## SUPREME COURT.

Louis F. Therasson and John A. Bryan agt. George F.
Peterson and George S. Humphrey.

Where the judge at the circuit allows an *amendment of the answer* to meet the
proofs in the case, the plaintiffs cannot *demur* to it for insufficiency; that advan-
tage could be taken of it on the trial.

But if in such case the plaintiff makes affidavit that he is taken by surprise by the
amendment, and can not then safely proceed to trial, he may have time to reply
to the amended answer, and the progress of the trial will be stayed for that pur-
pose.

*New York General Term, June*, 1861.

Clerke, Ingraham and Gould, *Justices*.

By the court.   In this case the judge at the circuit, and
before the proofs were commenced, allowed an amendment
of the answer to meet the proof in case that proof came up
to the statement of the case.   This he was authorized to
do, either at that period of the trial, or, having heard the

proofs, he could allow the answer to be conformed to the evidence. And this amendment would not delay the progress of the trial, unless the opposite party should make affidavit that they were taken by surprise by the amendment, and, therefore, could not safely then proceed to trial, and that they needed time to reply to the answer. Had they done this, the trial would not then have proceeded, but the amended answer would have stood as the answer.

But they did no such thing. They proposed to demur to the amended answer for insufficiency. Leave to do so was properly refused, as, if it were insufficient, advantage could be taken of it on the actual trial then had, by claiming (as the plaintiffs did) that the judge should direct a verdict in their favor.

As to the other grounds taken here there seems to be no error in the proceedings at the circuit; unless, indeed, it be in not non-suiting the plaintiffs, upon the ground that the proposal of the defendants, its acceptance by the plaintiffs, and the transfer and delivery by defendants of their property in pursuance of the arrangement, made a full and complete accord and satisfaction with all the creditors who signed the acceptance, though all did not sign it. It is very questionable whether, upon the point of false representations as to the amount of property, and what it would probably pay, there was enough to take the case to the jury. But it was submitted, and the jury found for the defendants. There is no reason for disturbing that finding.

The judgment should be affirmed.